# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| RANDY GILOOLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:02-CV-153 CAS |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| HEALTH AND SENIOR SERVICES, ) | |
| DIVISION OF SENIOR SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Randy Gilooly's motion for a new trial. Defendant opposes the motion. Plaintiff did not file a reply. The Court will deny the motion for the reasons set forth below.

This case was remanded in part by the Eighth Circuit, <u>Gilooly v. Missouri Dept. of Health and Senior Servs., et al.</u>, 421 F.3d 734 (8th Cir. 2005), and proceeded to a jury trial on two claims. Gilooly claimed the Missouri Department of Health and Human Services discharged him on November 7, 2001 in retaliation for filing and participating in an EEOC charge, in violation of Title VII. The jury returned a verdict in favor of defendant. Plaintiff also claims defendants Betty Bolden and Jennifer Sutton defamed him by making malicious and false charges and allegations as to plaintiff's fitness as a father; by making statements accusing plaintiff of having a loathsome disease, and/or mental illness, and/or criminal tendencies; harassed plaintiff at work and at home with unwelcome communications; and/or made false statements regarding plaintiff's conduct in general and his relationship with each of them in particular.

It is almost entirely within the discretion of the trial court whether to grant a new trial. See Federal Rule of Civil Procedure 59(a); Belk v. City of Eldon, 228 F.3d 872, 878 (8th Cir. 2000). "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996). The key question is whether a new trial is required in order to avoid a miscarriage of justice. Belk, 228 F.3d at 878.

**Credibility of Witnesses**

Gilooly first claims the verdict was against the weight of the evidence because the testimony indicates that Gilooly consistently denied his relationship with Bolden and Sutton, but Bolden and Sutton "changed their story." In reviewing a motion for a new trial on the ground that the jury's verdict is against the weight of the evidence, the Court is free to weigh the evidence for itself and grant a new trial even where substantial evidence exists to support the verdict. Dominium Mgmt. Servs., Inc. v. Nationwide Hous. Group, 195 F.3d 358, 366 (8th Cir. 1999); see White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992). "Ultimately, the district court must determine if there will be a miscarriage of justice if the jury's verdict is allowed to stand." Id. (citing White, 961 F.2d at 780). A miscarriage of justice occurs when there is insufficient evidence to support the verdict. Douglas County Bank & Trust Co. v. United Fin., Inc., 207 F.3d 473, 478 (8th Cir. 2000).

The jury heard the testimony of plaintiff, Bolden, and Sutton. It was the jury's determination of which testimony to believe, and the jury credited defendants. The Court does not believe a miscarriage of justice will occur if the jury's verdict is allowed to stand. The Court will deny plaintiff's motion on that ground.

2

**Retaliation Jury Instructions**

Plaintiff next argues the Court misconstrued the Eighth Circuit's opinion in this case and that the verdict directing instruction, No. 8, was erroneous because a plaintiff is not required to prove that his EEOC charge had merit or was in good faith. To prove a retaliation claim, a plaintiff must show (1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events. Gilooly, 421 F.3d at 740. "However, it also cannot be true that a plaintiff can file false charges, lie to an investigator, and possibly defame co-employees, without suffering repercussions simply because the investigation was about sexual harassment. To do so would leave employers with no ability to fire employees for defaming other employees or the employer through their complaint when the allegations are without any basis in fact." Id. The Eighth Circuit found "in this case, the question is largely undeveloped and best left to a fact-finder to decide." Id. The Court concludes plaintiff was not prejudiced by the instruction given on this issue.

Plaintiff next argues certain instructions were not read to the jury. Under Federal of Civil Procedure 51, a party cannot claim instructional error unless it objects to the instruction before the jury retires. Risdal v. Halford, 209 F.3d 1071 (2000); Dupre v. Fru-Con Eng'g. Co., 112 F.3d 329, 334 (8th Cir. 1997). As plaintiff did not object to the instructions he identifies were not read to the jury before the jury began deliberations, he has waived any objections as to the instructions. The motion should be denied on this ground.

**Dr. Browne-Barnum testimony**

Plaintiff also argues the Court erred in not admitting the testimony of his psychiatrist, Dr. Browne-Barnum, concerning his defamation claim. Sutton's allegedly defamatory statements were

3

made in November 2001. The doctor ceased treating plaintiff in August 2001. This Court concludes that since the doctor was no longer treating plaintiff at the time, the doctor's testimony regarding plaintiff's appearance and behavior *before* Sutton's statements are irrelevant. Moreover, Browne-Barnum was not designated as an expert, therefore testimony regarding plaintiff's condition after his treatment was properly prohibited.

**Defamation Instructions**

Plaintiff next argues that the Court erred in giving a slander instruction for a public official or public figure, rather than an instruction in a case where the plaintiff is not a public official or public figure. Plaintiff complains the instruction contained an additional element not otherwise required, i.e., that the jury believe that the false statement was made with knowledge that it was false or with reckless disregard for whether it was true or false.

As to defendant Bolden, Bolden testified that she spoke with Angela Decker in 2001 in a conference room in the Mississippi County office. Bolden told Decker that she (Bolden) was tested for sexually transmitted disease and Decker may wish to be tested also. The Court notes plaintiff presented no evidence disproving Bolden's statement or that the statement damaged plaintiff's reputation.

Plaintiff did not make out a prima facie case of defamation against Bolden, so that even if he received the instruction he requests, he still would not have prevailed. Sterling v. Rust Commc'ns, 113 S.W.3d 279, 281 (Mo.Ct.App.2003) (for submissible claim of defamation, plaintiff must establish the following elements: (1) publication, (2) of a defamatory statement, (3) which identifies the plaintiff, (4) that is false, (5) that is published with a requisite degree of fault and (6) damages the plaintiff's reputation).

4

As to plaintiff's slander claim against defendant Sutton, Sutton told Patsy Hutchinson, a Mississippi County supervisor, that she (Sutton) feared for her safety at the time plaintiff was terminated from her employment. Sutton's communications were about workplace safety and security and were based on actual events. Plaintiff presented no evidence that any of Sutton's statements were knowingly false or that Sutton's statement damaged his reputation. The Court concludes plaintiff dis not make out a prima facie case of defamation against Sutton and he was therefore not prejudiced.

**Section 1983 claims**

Plaintiff finally argues the Court erred in not allowing him to proceed on retaliatory discharge claims under § 1983 against Karen Hollering, Linda Allen, or Sandy Lewis. These claims are not properly plead in plaintiff's Amended Complaint. The Court also notes that this Court never granted summary judgment on a retaliation claims against these individuals yet plaintiff did not demand a trial following the Court's summary judgment ruling. Instead, plaintiff appealed the Court's order as a final order and judgment. The Court further notes that plaintiff did not contend that he was pursuing such claims until after the Eight Circuit issued its opinion.

For all of the above reasons, the Court will deny plaintiff's motion for a new trial.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a new trial is **DENIED.** (Doc. 126)

                                                              **CHARLES A. SHAW**
                                                           **UNITED STATES DISTRICT JUDGE**

Dated this 26th day of September, 2006.