**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| RANDY GILOOLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:02-CV-153 CAS |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| HEALTH AND SENIOR SERVICES, ) | |
| DIVISION OF SENIOR SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion for a bill of costs. Plaintiff filed objections to the motion. Defendants did not file a reply to plaintiff's objections or supplement their request in any way. The Court will deny the motion in its entirety for the reasons set forth below.

As a threshold matter, it is presumed that a prevailing party is entitled to costs. See Federal Rule of Civil Procedure 54(d); Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). The Court has discretion, however, to deny costs to the prevailing party, even in the absence of misconduct by that party. See Greaser v. State of Mo., Dept. of Corrs., 145 F.3d 979, 985 (8th Cir. 1998); Hibbs v. K-Mart Corp., 870 F.2d 435, 443 (8th Cir. 1989) (discussing discretionary nature of cost award under Rule 54(d) and 28 U.S.C. § 1920). "The losing party bears the burden of making the showing that an award is inequitable under the circumstances." Id. (internal citation and quotation omitted). At the same time, it is imperative that counsel for the prevailing party provide the Court materials in support of their bill of costs at the appropriate juncture in the proceedings. Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 763 n.7 (8th Cir. 2006).

Defendants have filed a bill of costs seeking a total of $3,014.00. Allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920. Expenses not on the statutory list must be borne by the party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, the Court must carefully scrutinize the claimed costs and the support offered for them. Farmer v. Arabian American Oil Co., 379 U.S. 227, 232-33, 235 (1964); Alexander v. National Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982), cert. denied, 461 U.S. 937 (1983); Davis v. Parratt, 608 F.2d 717, 718 (8th Cir. 1979). The Court will address in turn each item of cost sought by plaintiff.

**Fees for Witnesses**

Defendants seek the sum of $629.60 for mileage fees for "fees for witnesses" for James R. Cook, Dr. Linda Allen, and defendants Betty Bolden, Karen Hoellering, and Jennifer Sutton. Generally, expenses of witnesses who are parties are not taxable. Gelda v. R.O.I. Enterprises, Inc., 581 F.Supp 553, 555 (E.D. Mo. 1984). As stated earlier, defendants did not explain the basis for the fees as to these witnesses nor did they reply to plaintiff's objections, leaving the Court with little to go on. Accordingly, costs for fees for witnesses will not be allowed.

**"Other Costs"**

Defendants also seek the sum of $2,165.94 for hotel expenses for Gladys Hood, Linda Allen, Sandra Lewis, defendant Betty Bolden, defendant Jennifer Sutton, Karen Hoellering, as well as defendants' counsel and Virginia Murray. Plaintiff objects to the taxation of this cost as to Hood, Allen, Lewis, Bolden, Sutton, and Hoellering on the basis that while these individuals testified at trial, their lodging expenses cannot be taxed as costs as they were named parties or were personally involved in the events leading up to the discharge of plaintiff. See Id. As to defendants' counsel and

Virginia Murray, as they are not witnesses of any sort, their lodging expenses cannot be taxed unless expressly authorized by statute. These costs will be disallowed.

Under "other costs," defendants include a claim for $23.85 for a copy of the videotape of the deposition of plaintiff's treating physician, Dr. Browne-Barnum. Although § 1920 allows courts to award costs for "stenographic transcript[s] necessarily obtained for use in the case," many courts have awarded costs for the videotaping of depositions on the theory that a videotape is a substitute for a stenographic transcript of the deposition. See Tilton v. Capital Cities/ABS, Inc., 115 F.3d 1471, 1477 (10th Cir. 1997) (citing other courts that have awarded costs of videotaped depositions). Plaintiff contends that as the defendant successfully objected to the use of that deposition by plaintiff and would not have expected to use that deposition, the videotape cannot be considered a necessary expense. The Court agrees and will disallow it.

The bill of costs also includes a request for reimbursement of separate bills of $67.80 and $150.66 for copies of audiocassette tapes of some out of court statements or proceedings that were not offered or used at trial. As extra copies of tapes are not listed in § 1920 they cannot be taxed as costs.

For all of the forgoing reasons, the Court in its discretion will sustain plaintiff's objections to defendants' bill of costs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's objections to defendants' bill of costs are **sustained** as set forth herein. [Docs. 130, 131]

**IT IS FURTHER ORDERED** that defendants' motion for a bill of costs is **DENIED**. (Doc. 129)

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 2nd day of October, 2006.